UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MASCO CORPORATION OF INDIANA
d/b/a DELTA FAUCET COMPANY,

    Plaintiff,

v.

DELTA IMPORTS, LLC,

    Defendant.
_____/

Case No. 11-14720

Honorable Patrick J. Duggan

**OPINION AND ORDER**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on_April 30, 2012.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

On October 26, 2011, Masco Corporation of Indiana d/b/a Delta Faucet Company ("Plaintiff") filed this action against Delta Imports, LLC ("Defendant"), asserting claims of trademark dilution, trademark infringement, false designation of origin, and cyberpiracy under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, as well as a claim of unfair competition under common law. Presently before the Court is Defendant's motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). Plaintiff has responded to the motion, and on April 11, 2012, the Court indicated to the parties that it was dispensing with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2). For the reasons stated below, the Court denies Defendant's motion.

### I. Background

Plaintiff asserts that it has used the well-known trademark "Delta" since 1952 in connection with the sale of plumbing products, faucets, and accessories. Plaintiff further asserts that it has registered "Delta" and a number of related marks with the United States Patent and Trademark Office. Compl. ¶ 11.

Defendant is a Florida limited liability company based in Hollywood, Florida. Defendant imports and sells plumbing products, and allegedly operates websites at www.deltausimports.com and www.deltaonlinesales.com. *Id.* ¶ 15. These websites allow customers to purchase plumbing fixtures and faucets online. *Id.* Plaintiff alleges that it is not affiliated with Defendant in any way and that it has been injured by Defendant's use of the "Delta" mark. *Id.* ¶¶ 16-19.

### II. Standard of Review

Federal Rule of Civil Procedure 12(b)(2) governs a motion to dismiss for lack of personal jurisdiction. "The party seeking to assert personal jurisdiction bears the burden of demonstrating that such jurisdiction exists." *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002) (citing *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002)). Unless the district court conducts an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdiction. *Id.* This burden is satisfied by "'establishing with reasonable particularity sufficient contacts between [the defendant] and the forum state to support jurisdiction.'" *Neogen*, 282 F.3d at 887 (quoting *Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987)). The Court "will not consider facts proffered by the defendant that conflict with those offered by the plaintiff,

and will construe the facts in the light most favorable to the nonmoving party." *Id.* (citation omitted).

### III. Discussion

In cases where a federal court's jurisdiction stems from the existence of a federal question, "personal jurisdiction over a defendant exists 'if the defendant is amenable to service of process under the forum state's long-arm statute and if the exercise of personal jurisdiction would not deny the defendant due process.'" *Bird*, 289 F.3d at 871 (quoting *Mich. Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 954 F.2d 1174, 1176 (6th Cir. 1992)). Plaintiff does not appear to dispute that the facts here are insufficient to establish general personal jurisdiction. The Court shall therefore only address the parties' arguments concerning limited personal jurisdiction.

Michigan courts may exercise limited personal jurisdiction over a corporation in a suit "arising out of the act or acts which create . . . [t]he doing or causing any act to be done, or consequences to occur, in the state resulting in an action for tort." Michigan Compiled Laws § 600.715(2). Plaintiff alleges that Defendant's use of the "Delta" mark has created confusion as to the source of Defendant's products:

> [Defendant], with knowledge and intentional disregard of [Plaintiff's] rights, continues to advertise, promote, and sell products using the DELTA trademark, or confusing imitations thereof. Such acts by [Defendant] have caused and continue to cause confusion in Michigan as to the source and/or sponsorship of [Defendant's] products.

Compl. ¶ 55. If true, Plaintiff's allegation of product confusion would support an unfair competition tort claim. *See In re MCI Telecomms. Corp.*, 240 Mich. App. 292, 312 n.8, 612 N.W.2d 826, 836 n.8 (Mich. Ct. App. 2000); *Boron Oil Co. v. Callanan*, 50 Mich.

App. 580, 583-84, 213 N.W.2d 836, 838 (Mich. Ct. App. 1973).  Plaintiff specifically alleges that the product confusion occurred "in Michigan," and that it resulted from Defendant's use of the "Delta" mark.  Compl. ¶ 55.  Thus, Plaintiff's suit arises from actions which allegedly caused a "consequence[] to occur" in Michigan.  *See* Michigan Compiled Laws § 600.715(2).  Michigan's long-arm statute therefore permits the Court's exercise of limited personal jurisdiction over Defendant.

Of course, even if the Michigan long-arm statute authorizes the exercise of personal jurisdiction over a defendant, a Michigan court may not do so in violation of the right to due process.  *Neogen*, 282 F.3d at 889.  To make the required showing with respect to due process, the plaintiff must "establish with reasonable particularity sufficient 'minimum contacts' with Michigan so that the exercise of jurisdiction over [the defendant] would not offend 'traditional notions of fair play and substantial justice.'"  *Id.* (quoting *Int'l Shoe v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 158 (1945)).  In determining whether the minimum contacts requirement is satisfied, the Sixth Circuit applies a three-part test:

> "First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state.  Second, the cause of action must arise from the defendant's activities there.  Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable."

*Id.* at 890 (quoting *S. Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968)).

Purposeful availment is the "constitutional touchstone" of personal jurisdiction, and "ensures that a defendant will not be haled into a jurisdiction solely as a result of random,

fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-75, 105 S. Ct. 2174, 2183 (1985) (internal citations and quotations omitted). Plaintiff asserts that Defendant availed itself of the forum by operating interactive websites that solicit purchases from Michigan residents. Compl. ¶ 7. "A defendant purposefully avails itself of the privilege of acting in a state through its website if the website is interactive to a degree that reveals specifically intended interaction with residents of the state." *Neogen*, 282 F.3d at 890.[1] Defendant's website allows consumers to view photographs and prices of products. *See* Compl. Ex. A. Customers may also purchase products through the website using its "shopping cart" feature. *See* Pl.'s Mot. Ex. 3. Defendant's website touts free shipping to customers "in the

---

[1] *Neogen* applied the so-called "sliding scale" test set forth in greater detail in *Zippo Manufacturing Co. v. Zippo Dot Com, Inc.*:

> [T]he likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of commercial activity that an entity conducts over the Internet. This sliding scale is consistent with well developed personal jurisdiction principles. At one end of the spectrum are situations where a defendant clearly does business over the Internet. If the defendant enters into contracts with residents of a foreign jurisdiction that involve the knowing and repeated transmission of computer files over the Internet, personal jurisdiction is proper. At the opposite end are situations where a defendant has simply posted information on an Internet Web site which is accessible to users in foreign jurisdictions. A passive Web site that does little more than make information available to those who are interested in it is not grounds for the exercise personal jurisdiction. The middle ground is occupied by interactive Web sites where a user can exchange information with the host computer. In these cases, the exercise of jurisdiction is determined by examining the level of interactivity and commercial nature of the exchange of information that occurs on the Web site.

952 F. Supp. 1119, 1124 (W.D. Pa. 1997) (citations omitted).

5

continental United States," and when entering his or her address, the customer may select "Michigan" from a list of states. *See* Pl.'s Mot. Ex. 4. The circumstances here indicate that Defendant's website welcomed Michigan customers and enabled them to enter into contracts for the purchase of goods. Defendant targeted Michigan customers for the sale of its products, and cannot complain when it is sued in this state as a result of this activity. *See Neogen*, 282 F.3d at 890 (interactive website welcoming business from customers in Michigan established purposeful availment); *Audi AG v. D'Amato*, 341 F. Supp. 2d 734, 744 (E.D. Mich. 2004) (interactive website allowing Michigan residents to purchase the defendant's products and services established purposeful availment, even where there was no evidence that any transactions had been consummated in Michigan).

Defendant's reliance upon *Flagstar Bank v. Freestar Bank, N.A.*, No. 08-10357, 2008 U.S. Dist. LEXIS 78602 (E.D. Mich. Oct. 7, 2008), is misplaced. Defendant cites this case for the proposition that the creation and maintenance of an interactive website accessible in the forum state is insufficient to subject a defendant to personal jurisdiction. In *Flagstar*, the defendant bank's customers had all opened their accounts while they were Illinois residents, but a small number subsequently moved to Michigan. *Id.* at *3. The defendant bank allowed all of its customers to access their accounts via an interactive website. The court concluded that this did not constitute a purposeful effort to conduct business in Michigan; otherwise, corporations would be held responsible for customers' unilateral decisions to move to other states. *Id.* at *8. The court noted, however, that "jurisdiction might be proper if there was any evidence in the record that the Defendant affirmatively acted to create accounts with Michigan residents by mail or through the

6

internet." *Id.* Here, Defendant's website welcomes purchases and processes orders from customers with Michigan addresses. This is nothing like the scenario where a customer transacts business and then later moves to another state.

Turning to the second and third prongs of the *Southern Machine* test, the Court finds that these are also satisfied. As noted above, Plaintiff's claims focus on the marketing of products in Michigan using the "Delta" trademark. Thus, the cause of action arises from Defendant's activities in Michigan. *See D'Amato*, 341 F. Supp. 2d at 748. The Court also concludes that the effects of the alleged misconduct have a substantial enough connection with Michigan to make the exercise of personal jurisdiction over Defendant reasonable. In assessing reasonableness, the Court considers "'the burden on the defendant, the interest of the forum state, the plaintiff's interest in obtaining relief, and the interest of other states in securing the most efficient resolution of controversies.'" *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1268 (6th Cir. 1996) (quoting *Am. Greetings Corp. v. Cohn*, 839 F.2d 1164, 1169-70 (6th Cir. 1988)). "Michigan has a strong interest in protecting companies that principally reside here against trademark infringement." *D'Amato*, 341 F. Supp. 2d at 748. Plaintiff is a subsidiary of Masco Corporation, which has its headquarters in Michigan. Compl. ¶ 9. Courts have concluded that in cases of trademark infringement, the state's interest in protecting resident companies and the plaintiff's interest in obtaining relief outweigh the burden placed upon the defendant in having to defend the action in another jurisdiction. *See D'Amato*, 341 F. Supp. 2d at 748. Moreover, where the first two prongs of the *Southern Machine* test are met, the inference arises that the third is satisfied. *Bird*, 289 F.3d at 875. The Court concludes that the exercise of limited personal jurisdiction

over Defendant comports with due process and Michigan's long-arm statute.

## IV. Conclusion

For the reasons stated above, the Court concludes that Defendant's motion to dismiss for lack of personal jurisdiction must be denied.

The Court notes that pursuant to an Order entered February 2, 2012, Defendant's counsel withdrew from this action. The Court's Order stayed this case for thirty days to allow Defendant to obtain new counsel. As of this date, Defendant's new counsel has not yet entered an appearance. The Court cautions Defendant that it runs the risk of default should its counsel fail to enter an appearance.

Accordingly,

**IT IS ORDERED** that Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction is **DENIED**.

<u>s/PATRICK J. DUGGAN</u>
UNITED STATES DISTRICT JUDGE

Copies to:
Leon E. Redman, Esq.
Robert C. Tuttle, Esq.

Delta Imports, LLC                                  Matthew Simring
1200 N. Federal Highway                             5803 Mulberry St.
Hollywood, FL 33020                                 Tamrac, FL 33319