UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MASCO CORPORATION OF INDIANA,
d/b/a DELTA FAUCET COMPANY,

        Plaintiff,                        Civil Action No. 11-14720

v.                                        Honorable Patrick J. Duggan

DELTA IMPORTS, LLC,

        Defendant,
_____/

## OPINION AND ORDER (1) GRANTING DEFENDANT'S MOTION TO SET ASIDE ENTRY OF DEFAULT; AND (2) DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

This matter is before the Court on Defendant Delta Imports' motion to set aside the clerk's entry of default, filed pursuant to Federal Rule of Civil Procedure 55(c), and Plaintiff Masco Corporation's motion for a default judgment, filed pursuant to Federal Rule of Civil Procedure 55(b)(2). The motions have been fully briefed. The Court does not believe that oral argument will aid in its disposition of the motion; therefore, it is dispensing with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2). For the reasons stated below, the Court grants the motion to set aside the clerk's entry of default and denies the motion for a default judgment.

### I.    Procedural Background

On October 26, 2011, Plaintiff filed this lawsuit against Defendant alleging trademark dilution, trademark infringement, false designation of origin, and cyber-piracy under the Lanham Act, 15 U.S.C. § 1051 *et seq*. In response to Plaintiff's Complaint,

Defendant filed a motion to dismiss for lack of personal jurisdiction. While the motion to dismiss was pending, Defendant's counsel sought leave to withdrawal from representing Defendant. On February 2, 2012, this Court granted defense counsel's request and stayed the matter for thirty days to allow Defendant time to obtain new counsel. On April 30, 2012, this Court denied Defendant's motion to dismiss. A Clerk's Entry of Default was entered against Defendant on May 31, 2012, due to Defendant's failure to file an Answer or otherwise respond to the Complaint.

## II.     Applicable Law and Analysis

Pursuant to Federal Rule of Civil Procedure 55(c), a court may set aside an entry of default for "good cause." In determining if "good cause" exists, courts consider whether: (1) the plaintiff will be prejudiced; (2) the defendant has a meritorious defense; and (3) culpable conduct of the defendant led to the default. *United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 324 (6th Cir. 2010) (citing *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992)). Courts employ a "lenient standard" in evaluating a request to set aside a default that has not yet reached judgment. *Shepard Claims Serv., Inc. v. William Darrah & Associates*, 796 F.2d 190, 193 (6th Cir. 1986). Federal courts favor trials on the merits; therefore, "any doubt should be resolved in favor of the petition to set aside the judgment." *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 846 (6th Cir. 1983) (quoting *Tozer v. Krause Milling Co.*, 189 F.2d 242, 245 (3d Cir. 1951)).

Defendant asserts several meritorious defenses to Plaintiff's Complaint.

Defendant argues that "DELTA" is not a famous or distinctive mark entitled to protection under 15 U.S.C. § 1125(c).  (Def.'s Br. in Supp. of Mot. at 12-13.)  Defendant also asserts that "DELTA" is not widely recognized by the general public nor does the public associate the term with Plaintiff.  (*Id*. at 12.)  Additionally, Defendant argues that its use of "DELTA" in its trade name is not likely to cause confusion among consumers.  (*Id*. at 14.)  In determining if a likelihood of consumer confusion exists, the court considers the following factors: (1) strength of the mark; (2) relatedness of the goods; (3) similarity of the marks; (4) evidence of actual confusion; (5) marketing channels used; (6) likely degree of purchaser care; (7) defendant's intention in selecting the mark; and (8) likelihood of expansion of the product lines.  *Frisch's Rests., Inc. v. Elby's Big Boy, Inc.*, 670 F.2d 642, 648 (6th Cir. 1982).

Plaintiff argues that Defendant provides "no support, evidence, or analysis" to maintain its defense that "DELTA" is a generic mark.  (Pl.'s Resp. Br. at 7.)  However, "a defense is meritorious if it is 'good law,' regardless of whether the defense is actually likely to succeed on the merits."  *$22,050 U.S. Currency*, 595 F.3d at 326; *see also United Coin Meter*, 705 F.2d at 845 (internal quotation marks and citations omitted) (advising that "[i]n determining whether a defaulted defendant has a meritorious defense[,] likelihood of success is not the measure. . . . Rather, if any defense relied upon states a defense good at law, then a meritorious defense has been advanced.").

The Court also finds that Plaintiff will not be prejudiced if the default is set aside.  As Plaintiff recognizes, delay alone is not a sufficient basis for prejudice.  (Pl.'s Resp. Br.

at 8, citing *Burrell v. Henderson*, 434 F.3d 826, 835 (6th Cir. 2006) ("Delay in adjudicating a plaintiff's claim does not qualify as sufficient prejudice under Rule 55.").) "Rather it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *INVST Fin. Group, Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 398 (6th Cir. 1987) (citations omitted). Plaintiff argues that delay in the case at bar has resulted in loss of evidence, created increased difficulties in discovery, and provided the Defendant with further opportunity for fraud. (Pl's Resp. Br. at 8.) Plaintiff draws the Court's attention to Defendant's online listing of products depicting the use of "DELTA" in association with faucets. (*Id*. Ex. A.) While this serves as evidence of a likelihood of confusion, it does not establish how a delay arising from setting aside default will result in the loss of evidence, increased difficulties of discovery, or greater opportunity for fraud.

The first two factors weigh in favor of setting aside the default and denying Plaintiff's motion for default judgment. A district court should grant the motion to set aside a default "if the party offers a credible explanation for the delay that does not exhibit disregard for the judicial proceedings." *Shepard Claims Serv., Inc.*, 796 F.2d at 195. It would be an abuse of discretion for this Court to deny Defendant's motion unless Defendant willfully failed to answer the Complaint. *See $22,050 U.S. Currency*, 595 F.3d at 324. A defendant's conduct must suggest "an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on judicial proceedings" to be deemed culpable for default. *Id*. at 327.

Courts consider the length of delay and patterns of disregard for court orders or rules to determine if the defendant's actions meet the culpable threshold. *Shepard*, 796 F.2d at 194. Following the denial of Defendant's motion to dismiss, Defendant argues that it did not "appreciate that it had a specific date to file an Answer or otherwise respond to the Complaint." (Def.'s Br. in Supp. of Mot. at 20.) Defendant also maintains that its former counsel was not communicating with it and that it experienced difficulty finding an attorney in Michigan to represent it in this matter. (*Id*. at 20.) While this demonstrates that Defendant was aware of the impending default and the need to seek replacement counsel, it does not prove "an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on judicial proceedings." *$22,050 U.S. Currency*, 595 F.3d at 327. Defendant is an out of state company defending itself in Michigan. The record shows that there were ongoing negotiations between the parties and a continued effort by Defendant to find legal representation in Michigan. "A default judgment deprives the client of his day in court," and denies a defendant the ability to defend the case on the merits. *Shepard*, 796 F.2d at 194 (citing *Jackson v. Beech*, 636 F.2d 831, 837 (D.C. Cir. 1980).

### III.   Conclusion

Therefore, this Court concludes that the entry of default against Defendant should be set aside.  Defendant has presented meritorious defenses to Plaintiff's action.  Moreover, Plaintiff will not suffer prejudice if the default is set aside.  Finally, Defendant's delay in responding to the lawsuit is not due to culpable conduct.

Accordingly,

**IT IS ORDERED**, that Defendant's Motion to Set Aside Entry of Default is **GRANTED**;

**IT IS FURTHER ORDERED**, that Plaintiff's Motion for Entry of Default Judgment is **DENIED**.

Dated: August 20, 2012                              s/PATRICK J. DUGGAN
                                                    UNITED STATES DISTRICT JUDGE

Copies to:
Robert C.J. Tuttle, Esq.
Leon E. Redman, Esq.
Hattem Beydoun, Esq.