UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MASCO CORPORATION OF INDIANA,
d/b/a DELTA FAUCET COMPANY,
an Indiana corporation

      Plaintiff,                                    Case No. 11-cv-14720

v.                                              Hon. Patrick J. Duggan
                                                 Mag. Judge Laurie J. Michelson

DELTA IMPORTS LLC, a Florida
limited liability company,

      Defendant.
_____/

**REPORT AND RECOMMENDATION ON PLAINTIFF'S
MOTION FOR CONTEMPT [61]**

This is a trademark infringement dispute involving competing uses of the mark "DELTA." The parties "amicably resolved the matters in dispute" and entered into a Consent Judgment on January 4, 2013. (Dkt. 59.) Plaintiff Masco Corporation of Indiana, d/b/a Delta Faucet Company ("Delta Faucet") contends that Defendant Delta Imports LLC ("Imports") has violated and/or failed to comply with several of the provisions in the Consent Judgment and seeks contempt sanctions as a result. (Dkt. 61.) Delta Faucet's Motion for Contempt has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Dkt. 63.) The motion is fully briefed and the Court heard oral argument on Wednesday, July 17, 2013. For the reasons set forth below, the Court RECOMMENDS that the motion be GRANTED IN PART.

**I.   BACKGROUND**

"Except in cases where a United States Magistrate Judge exercises consent jurisdiction in a civil case under 28 U.S.C. § 636(c) or misdemeanor jurisdiction under 18 U.S.C. § 3401, the Magistrate Judge may not enter an order of civil contempt. Rather, the Magistrate Judge must

proceed under 28 U.S.C. § 636(e)(6)(B)."[1] *U.S. v. Hendrickson*, No. 06-11753, 2010 U.S. Dist. LEXIS 52739, 2010 WL 2318770, at *1 (Apr. 16, 2010), *report and recommendation adopted*, 2010 U.S. Dist. LEXIS 52682, 2010 WL 2219342 (E.D. Mich. May 28, 2010). "The proper contempt procedure requires that the Magistrate Judge certify findings of fact to support a finding of contempt . . . .". *N.L.R.B. v. Steele*, No. 07-CV-50712, 2008 U.S. Dist. LEXIS 11867, 2008 WL 474077, at *1 (E.D. Mich. Feb. 19, 2008).

Thus, as contemplated by 28 U.S.C. § 636(e)(6)(B), the Court certifies these facts to District Judge Patrick J. Duggan:

1. Delta Faucet is a manufacturer of plumbing products, including, without limitation, faucets and kitchen and bath accessories. (Dkt. 59, Consent J., ¶ 6.)

2. Delta Faucet has sold millions of products bearing its DELTA Trademark. (*Id*., ¶ 9.)

3. As a result of Delta Faucet's extensive sales and advertising, its trademark DELTA has become identified with and distinctive of Delta Faucet's products. (*Id*., ¶ 7.)

4. Imports is a Florida company that sells plumbing fixtures and faucets through the websites www.deltausimports.com and www.deltaonlinesales.com. (*Id*., ¶ 2; Compl., ¶ 15.)

---

[1] This section provides as follows:

> [T]he magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

5. On October 26, 2011, Delta Faucet filed this action against Imports asserting claims of trademark dilution, trademark infringement, false designation of origin, and cyberpiracy under the Lanham Act, 15 U.S.C. § 1051 et seq., as well as a claim of unfair competition under common law. (Dkt. 1, Compl.)

6. "This matter was resolved in the form of a consent judgment between the parties signed on January 4, 2013." (Dkt. 66, Def.'s Resp. to Mot. Contempt at 4.)

7. Pursuant to the terms of the Consent Judgment, Imports (and its officers, directors, agents, servants, employees, and attorneys) were, effective March 31, 2013, permanently enjoined from:

> a. Using any DELTA Trademark (including those not specifically set forth herein), or any DELTA formative mark, or any colorable imitation thereof, either alone or in combination with any other term or mark, in connection with the manufacturing, selling, marketing, advertising, promoting, importing, and/or distributing of any Plumbing Products or any services related thereto;
>
> b. Using any DELTA Trademark (including those not specifically set forth herein), or any DELTA formative mark, or any colorable imitation thereof, either alone or in combination with any other term or mark, as a business name or domain name in connection with the selling, marketing, advertising, promoting, importing, and/or distributing of any Plumbing Products or any services related thereto;
>
> c. Committing any acts calculated to cause the purchaser to believe that the defendant or third parties' products or services are those manufactured or sold by Delta Faucet or performed by or on behalf of Delta Faucet, or licensed by, or sponsored by, or approved by, or connected with Delta Faucet; or
>
> d. Assisting or facilitating any other party to perform any of the acts set forth in (a) through (c) above.

(Dkt. 59, Consent J. at 3-4.)

8. On April 16, 2013, Plaintiff's corporate counsel, Leon Redman, exchanged emails with someone utilizing the deltausimports.com website. (Pl. Reply, Exs. J and K.) Mr. Redman then sent

3

an email to counsel for Defendant advising that Defendant was still using the deltausimports.com email address to correspond with potential customers and warning that if Defendant did not discontinue all use of the "Delta" mark in connection with its business, Plaintiff would file a motion for contempt. (*Id*., Ex. K.). Nothing further has been presented to suggest Defendant continued to use this email address after April 16, 2013.

9. As of June 20, 2013, the website www.deltausimports.biz was advertising kitchen and bath plumbing products for "Alfa Faucets." (Reply, Ex. H.) This company utilizes the same telephone number and address as Defendant. (*Id*., Exs. H, I.) The Permanent Injunction in the Consent Judgment prohibits use by Delta Imports of "any DELTA-formative mark . . . as a ... domain name in connection with the selling, marketing, advertising, promoting, importing, and/or distributing of any Plumbing Products or any services related thereto."

10. Imports has since agreed to transfer to Delta the websites www.deltausimports.biz and www.deltausimports.com.

11. After entry of the Consent Judgment, and continuing through at least June 2013, a company profile page for Defendant Imports remained on the advertising website www.manta.com. (Pl. Reply, Ex. F.) The page markets, advertises, and/or promotes Defendant's products and includes as contact information the deltausimports.com website. In its June 10, 2013 Response Brief, Defense counsel represented that it "recommended that Defendant Imports 'take down' the advertisement found on manta.com in an attempt to attain full compliance with the permanent injunction" and that it is "Defendant's intention to discontinue use of manta.com." (Resp. at 6-7).

12. Pursuant to the terms of the Consent Judgment, Imports was "ordered to file with the Court, and serve upon Delta Faucet's counsel within ninety (90) days, a written report, under oath,

4

setting forth in detail the manner and form in which they have complied with this judgment." Imports admits that it has failed to timely file and serve this report. (Resp. at 7.) Because of its continued uses of a Delta formative mark, Defendant conceded in its June 20, 2013 Response, that "filing a written report detailing compliance would be incomplete and premature." (*Id*.) In other words, Defendant acknowledges its continued use beyond the March 31, 2013 permanent injunction date, but provides no explanation for its failure to comply.

13. On July 15, 2013, two days before the scheduled hearing on the Motion for Contempt, Imports filed and served a Declaration and Compliance Report pursuant to Paragraph 17 of the Consent Judgment. (Dkt. 68.)

14. The Compliance Report explains that Imports contacted the manta.com advertising website and instructed that Manta "cancel and remove all advertisements using the Delta Imports name." (*Id*. at ¶ 2, Ex. 2.) A Manta representative responded that its customer service team would work with Imports to complete the request immediately. (*Id* at ¶ 2, Ex. 3.) At the hearing, counsel for the parties further explained that another Imports' advertisement had been located on the manta.com website, but that Imports has agreed to again contact Manta to request removal of this advertisement as well.

## II. ANALYSIS

### A. Legal Standard

"When a court seeks to enforce its order or supervise its judgment, one weapon in its arsenal is contempt of court." *Electrical Workers Pension Trust Fund of Local Union #58, IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 378 (6th Cir. 2003). Whether to hold a party in contempt is within the sound discretion of the district court. *Id.* at 378. "[T]he power 'to punish for contempts' should

not be used lightly." *Id.*; *see also Bishop v. Long Term Disability Income Plan of Sap America, Inc.*, No. 04-CV-0031, 2008 U.S. Dist. LEXIS 3431, 2008 WL 170498, at *5 (N.D. Okla. Jan. 16, 2008) ("Civil contempt is a severe remedy that should be used only when absolutely necessary . . . ." (citing *NLRB v. Shurtenda Steaks, Inc.*, 424 F.2d 192 (10th Cir. 1970))). A party seeking to establish contempt must produce "clear and convincing evidence" showing that the alleged contemnor violated a "'definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order.'" *Gary's Elec. Serv. Co.*, 340 F.3d at 378 (quoting *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 588 (6th Cir. 1987)). The court's prior order must have been "clear and unambiguous," and "[a]mbiguities must be resolved in favor of the party charged with contempt." *Liberte Capital Group, LLC v. Capwill*, 462 F.3d 543, 550-51 (6th Cir. 2006) (citing *Grace v. Ctr. for Auto Safety*, 72 F.3d 1236, 1241 (6th Cir. 1996)).

Once the movant establishes a prima facie case of contempt, "the burden shifts to the contemnor who may defend by coming forward with evidence showing that he is presently unable to comply with the court's order." *Gary's Elec. Serv. Co.*, 340 F.3d at 378 (citing *United States v. Rylander*, 460 U.S. 752, 757, 103 S. Ct. 1548, 75 L. Ed. 2d 521 (1983)). To satisfy this burden, the non-movant "must show categorically and in detail why he or she is unable to comply with the court's order." *Id* (quoting *Rolex Watch U.S.A., Inc. v. Crowley*, 74 F.3d 716, 720 (6th Cir.1996)). When evaluating an alleged contemnor's failure to comply with a court order, the Court "also consider[s] whether the [accused] 'took all reasonable steps within [his] power to comply with the court's order.'" *Id.* (citing *Peppers v. Barry*, 873 F.2d 967, 968, 969 (6th Cir. 1989)).

6

### B. Defendant's Violations

The Consent Judgment terms – including the permanent injunction language – were, by definition, agreed to by the parties. There is no contention that the terms are ambiguous. The evidence proffered by Plaintiff of Defendant's continued use of Delta-formative marks as well as Defendant's admissions in its response brief constitute clear and convincing evidence that, at the time Plaintiff filed its Motion for Contempt, Defendant had violated the Consent Judgment.

Specifically, Defendant admitted that it failed to file and serve by the April 4, 2013 due date a written report, under oath, setting forth in detail its compliance with the Consent Judgment. That failure was a violation. Defendant's explanation for failing to timely file the required report, that "doing so would have been an incomplete and premature filing" (Resp. at 7), was a further admission that Defendant had not yet ceased all uses of the DELTA or Delta-formative marks as required by the Consent Judgment. That was another violation. Defendant did not present any evidence showing it was unable to comply with the Consent Judgment.

### C. Defendant's Remedial Measures

Although untimely, on July 15, 2013, Defendant filed and served the Compliance Report required by Paragraph 17 of the Consent Judgment. That Report details Defendant's efforts to cease all remaining uses of the Delta mark or any Delta-formative mark. According to the Report, as well as additional information provided by counsel during the contempt hearing, Defendant contacted (and will be further contacting) Manta regarding the removal of all Import advertisements from that website; Defendant has discontinued use of the domain names deltausimports.com and deltausimports.biz and has agreed to transfer these websites to Plaintiff; and Defendant has ceased use of the e-mail address associated with the domain name deltausimports.com.

In view of the Compliance Report, Plaintiff acknowledges that Defendant now is, or soon will be, in compliance with the Consent Judgment.

Because of Defendant's prior contempt, however, Plaintiff seeks $5,442 in fees and costs it incurred in bringing this Motion for Contempt. "Although civil contempt may serve incidentally to vindicate the court's authority, its primary purposes are to compel obedience to a court order and compensate for injuries caused by noncompliance. The award of attorney's fees and expenses to a successful movant may be appropriate in a civil contempt proceeding." *TWM Mfg. Co. v. Dura Corp.*, 722 F.2d 1261, 1273 (6th Cir. 1983) (citations omitted). Additionally, the Consent Judgment expressly provides that "if Imports is determined by this Court to have failed to comply with any term or terms of this order, Imports shall reimburse Delta Faucets its reasonable attorneys' fees in seeking compliance with the terms of this Order and Consent Judgment." (Consent J., ¶ 19.) As Defendant's non-compliance was unlikely to change without the filing of this motion, this Court finds an award of reasonable attorney fees and costs to be appropriate.

Concerned about Import's financial condition, Delta Faucets seeks an order compelling payment of the attorney fee sanction by Imports *or* its owner and president, Mr. Shlomo (Steve) Rasabi. (Dkt. 67, Reply at 5.) "It is well-settled that a court's contempt power extends to non-parties who have notice of the court's order and the responsibility to comply with it." *Chicago Truck Drivers v. Bhd. Labor Leasing*, 207 F.3d 500, 507 (8th Cir. 2000)); *see also ClearOne Communs., Inc. v. Bowers,* 651 F. 3d 1200, 1215-16 (10th Cir. 2011). As the Sixth Circuit has held, "because a civil contempt ruling either attempts to coerce compliance or compensate the complainant for losses, it is fully appropriate to impose judicial sanctions on the nonparty corporate officer [who fails to take action or attempt compliance]." *Gary's Elec. Serv. Co.*, 340 F.3d at 383.

Complicating matters, however, is that Defendant has provided a sworn affidavit from Mr. Rasabi that he is not the owner of Delta Imports, not an officer of Delta Imports, and not a Manager of Delta Imports. (Compliance Rep., Ex. 1.)

Based on the present record, the Court will recommend that, as contemplated by the Consent Judgment, Imports pay the fees and costs incurred by Plaintiff in bringing this motion. Judge Duggan will make the ultimate ruling on the acceptability and payment of this sanction, including whether, upon further development of the record, it should be made by Mr. Rasabi.

### III.  CONCLUSION

Accordingly, this Court RECOMMENDS that Delta's Motion for Contempt (Dkt. 61) be GRANTED IN PART as follows: (1) Defendant be found to have been in contempt of the Consent Judgment prior to the filing of the July 15, 2013 Compliance Report, but to have now purged itself of that contempt; and (2) Plaintiff be awarded its reasonable costs and attorney fees incurred in enforcing the Consent Judgment.

### IV.  FILING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal

quotation marks omitted); *Frontier*, 454 F.3d at 596-97. Objections are to be filed through the Case Management/Electronic Case Filing (CM/ECF) system or, if an appropriate exception applies, through the Clerk's Office. *See* E.D. Mich. LR 5.1. A copy of any objections is to be served upon this magistrate judge but this does not constitute filing. *See* E.D. Mich. LR 72.1(d)(2). Once an objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be filed within seven (7) days of service of the response. E.D. Mich. LR 72.1(d)(3), (4).

                                            s/Laurie J. Michelson
                                            LAURIE J. MICHELSON
                                            UNITED STATES MAGISTRATE JUDGE

Dated: July 23, 2013

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on July 23, 2013.

                                            s/Jane Johnson
                                            Deputy Clerk