UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MASCO CORPORATION OF INDIANA,
d/b/a DELTA FAUCET COMPANY,

        Plaintiff,

                              Case No. 11-14720

v.

                              Hon. Patrick J. Duggan

DELTA IMPORTS LLC,

                              Magistrate Judge Laurie J. Michelson

        Defendant.
_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR CONTEMPT

Plaintiff Masco Corporation of Indiana d/b/a Delta Faucet Company ("Masco") initiated the present action in October 2011 alleging that Defendant Delta Imports, LLC ("Delta Imports") was engaging in trademark infringement. In early January 2013, the parties resolved the dispute and entered into a Consent Judgment with an effective date of March 31, 2013. (ECF No. 59.) Due to Delta Imports' failure to comply with the terms of the Consent Judgment, Masco filed a Motion for Contempt seeking compensatory sanctions in the form of attorney's fees and costs as provided for in the Consent Judgment. (ECF No. 61.) The Court referred the Motion for Contempt to Magistrate Judge Laurie J. Michelson for a Report and Recommendation ("R&R") pursuant to 28 U.S.C. § 636(b)(1)(B) and 28 U.S.C. § 636(e)(6)(B). (ECF No. 63.) Magistrate Judge Michelson conducted a

hearing on July 17, 2013 and issued an R&R certifying her findings of fact to support a finding of contempt. (ECF No. 69.) In the R&R, Magistrate Judge Michelson (1) found that Delta Imports had violated the terms of the Consent Judgment but that it had subsequently purged itself of that contempt and (2) recommended that Masco be awarded reasonable costs and attorney's fees incurred in enforcing the Consent Judgment. Magistrate Judge Michelson left it to this Court to determine whether Delta Imports' corporate officers should be jointly and severally liable for the fees and costs sought by Masco. *See Elec. Workers Pension Trust Fund of Local Union No. 58 v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 383 (6th Cir. 2003) ("[W]e hold that because a civil contempt ruling either attempts to coerce compliance or compensate the complainant for losses, it is fully appropriate to impose judicial sanctions on the nonparty corporate officer.") (citation omitted).

In its Motion for Contempt, Masco expressed concern about Delta Imports' financial condition and therefore sought an order compelling payment of the attorney's fee sanction by Delta Imports as well as Shlomo (Steve) Rasabi, who was believed to be the owner and president of Delta Imports. Two days before the July 17, 2013 motion hearing, however, Mr. Rasabi filed an affidavit disclaiming current ownership or authority over Delta Imports. (ECF No. 61-3, ¶¶ 3-5.) Also on July 15, 2013, a gentleman named Esteban Adden filed a declaration stating: "Contrary to the allegations contained in Plaintiff['s] . . . Motion for Contempt, I

am the owner of Delta Imports, LLC, not Steve Rasabi." (ECF No. 68-1, ¶ 1.) In light of these eleventh hour filings, Masco amended its request at the July 17, 2013 motion hearing to include a finding of contempt and award of compensatory sanctions against Mr. Rasabi and/or Mr. Adden. This amended request was not directly addressed in the R&R.

At the conclusion of the R&R, Magistrate Judge Michelson advises the parties that they may object to and seek review of the R&R within fourteen (14) days of service upon them. She further specifically advises the parties that the failure to file specific objections constitutes a waiver of any further right to appeal. Delta Imports did not file any objections to the R&R. Masco filed objections indicating that it objects "only as to the Magistrate's election not to opine as to whether Steve Rasabi (and/or Esteban Adden) should be held in contempt and subject to sanctions." (ECF No. 70.) Delta Imports did not respond to Masco's objections.

The Court has reviewed the information presented during the course of litigation and concludes that both Mr. Rasabi and Mr. Adden should be held in contempt for failing to ensure Delta Imports' timely compliance with the Consent Judgment. This finding is based on evidence in the record that both individuals were corporate officers during the time that Delta Imports was in violation of the Consent Judgment. This evidence is summarized below.

Mr. Rasabi's Affidavit provides: "I am not the owner[/officer/or manager] of Delta Imports, LLC." (ECF No. 61-3, ¶¶ 3-5.) These statements only attest to Mr. Rasabi's role as of July 15, 2013, the date the affidavit was signed. Mr. Rasabi does not deny that he was once a principal of Delta Imports nor does the Court believe he could. In fact, record evidence supports a finding that Mr. Rasabi was a principal of Delta Imports prior to July 15, 2013. For instance, in July 2012, Delta Imports' former attorney, Eric Jacobs, filed a Declaration stating that during his representation of Delta Imports, Mr. Rasabi was his direct contact and that he "understood [Mr. Rasabi] to be the principal of Delta Imports." (ECF No. 35-2, ¶ 2.) Neither Delta Imports nor Mr. Rasabi contradicted the statements made in the Jacobs Declaration. Further, in December 2012, as the parties engaged in discovery, Delta Imports produced a business card reflecting that Mr. Rasabi was President of Delta Imports. Lastly, in responding to Masco's Motion for Contempt, Delta Imports did not contest Masco's description of Mr. Rasabi and president and owner of Delta Imports. (ECF No. 66.)

The evidence above shows that Mr. Rasabi was an officer of Delta Imports just before the Consent Judgment was entered on January 4, 2013. Although the Consent Judgment did not become effective until March 31, 2013, there is simply no evidence in the record that Mr. Rasabi ceased to act as president prior to the effective date. Mr. Rasabi's Affidavit does not include any information about a

change in control or when such a change occurred. The Court finds the absence of such information, in addition to the fact that Mr. Rasabi did not deny that he was once a principal of Delta Imports, questionable at best.

Mr. Adden's Declaration is similarly vague as it merely declares that Mr. Adden, not Mr. Rasabi, is the owner of Delta Imports. (ECF No. 68-1, ¶ 1.) As with Mr. Rasabi's Affidavit, the declaration does not dispute that Mr. Rasabi was once a principal of Delta Imports. Further, Mr. Adden does not indicate when he assumed control of and authority over Delta Imports. This evidence supports a finding that Mr. Adden was a principal of Delta Imports during some portion of the several months that Delta Imports failed to bring itself in compliance with the Consent Judgment.[1]

Having reviewed the information presented during the course of litigation, the Court agrees with Masco that compensatory sanctions are warranted against either or both Mr. Rasabi and Mr. Adden as their actions (or inaction) resulted in violations of the Consent Judgment and forced Masco to expend funds in order to secure Delta Imports' eventual compliance. As such, the Court holds Delta Imports, Mr. Rasabi, and Mr. Adden in contempt of court. As a result of this sanctionable conduct, the Court awards Masco $5,801.00 in costs and fees.

Accordingly,

---

[1] Delta Imports did not reach full compliance with the Consent Judgment until July 22, 2013, nine days after Mr. Adden signed his declaration.

5

**IT IS ORDERED** that Magistrate Judge Michelson's R&R (ECF No. 69) is **ADOPTED**;

**IT IS FURTHER ORDERED** that Masco's Motion for Contempt (ECF No. 61) and Masco's Objections to the R&R (ECF No. 70) are **GRANTED**;

**IT IS FURTHER ORDERED** that Delta Imports, LLC, Shlomo (Steve) Rasabi, and Esteban Adden are hereby held to be in contempt of court for violating the terms of the Consent Judgment;

**IT IS FURTHER ORDERED** that Delta Imports, LLC, Shlomo (Steve) Rasabi, and Esteban Adden are **JOINTLY AND SEVERALLY LIABLE** to Masco for $5,801.00 in costs and fees to be paid within **THIRTY (30) DAYS** of the entry of this Opinion and Order.

Dated: October 29, 2013

                                                s/PATRICK J. DUGGAN
                                                UNITED STATES DISTRICT JUDGE

Copies to:

**Chanille Carswell, Esq.**
**Leon E. Redman, Esq.**
**Robert C.J. Tuttle, Esq.**
**Ralph C. Chapa , Jr., Esq.**
**Zach B. Shelomith, Esq.**
**Magistrate Judge Laurie J. Michelson**